United States District Court
Southern District of Texas
**ENTERED**
November 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MANUEL PENA-FERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09963 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

The petitioner, Jose Manuel Pena-Fernandez, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Contract Detention Facility in Houston, Texas. The petitioner is representing himself and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1), challenging his continued confinement

The petitioner is from Venezuela. He entered the United States in 2021, and he was apprehended and the paroled. He was taken into ICE custody on October 7, 2026. The petition argues that the petitioner's continued detention without an individualized determination that he is a danger or a flight risk violates his Fifth Amendment right to due process of law because he was previously detained and released from custody, and the re-detained.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. In *Sosnava Rodriguez v. Vergara*, No. 26-50183 (5th Cir. Oct. 23, 2026)(*en banc*) the Fifth Circuit held that, for immigrants who have never been legally admitted to the United States, there is no process due beyond that provided by Congress in 8 U.S.C. § 1225(b)(2)(A). That statute mandates detention for "applicants for admission," *i.e.*, immigrants who are present in the United States but have not been legally admitted to the United States. Such immigrants, under *Sosnava Rodriguez*, are not entitled to an individualized hearing. The Fifth Circuit's *en banc* decision is binding on this Court.

Moreover, the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) holds that immigrants who are present in the United States without admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). This binding decision precludes relief on any claim that the statutory scheme does not authorize detention.

Because the Fifth Circuit has determined that immigrants like the petitioner are subject to mandatory detention without an individualized hearing, the face of the petition shows that the petitioner is not entitled to relief. Accordingly, it is ORDERED that the petition (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on November 16, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge